983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maximino D. ANGELES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3458.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1992.
 
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Maximino D. Angeles petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE0831920187I-1, that affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying petitioner's claim of entitlement to a deferred civil service retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 
 2
 Mr. Angeles was employed at Clark Air Force Base in the Philippines in various roles between January 26, 1946 and October 23, 1957. During this period of time, Mr. Angeles' positions were "covered" under the CSRA, and retirement contributions were deducted from his pay. Upon separation from employment in 1957 due to a reduction-in-force, Mr. Angeles applied for a refund of his CSRA contributions, and received a lump-sum of $698.83 on February 16, 1958. The refunded amount has not been redeposited.
 
 
 3
 During the period from February 10, 1958 to July 30, 1970, Mr. Angeles was employed in a series of positions, all of which were either nonpermanent, indefinite appointments or of short-term duration. Subsequent to his retirement, OPM denied Mr. Angeles' application for a deferred annuity.
 
 
 4
 On May 15, 1989, upon motion for reconsideration, OPM affirmed its May 10, 1988 initial decision that Mr. Angeles' service did not entitle him to a deferred annuity. Mr. Angeles then appealed that decision to the Board. On May 13, 1992, the Administrative Judge issued an initial decision affirming OPM's decision on two grounds. First, Mr. Angeles' right to receive an annuity based on his covered service prior to October 23, 1957 was extinguished upon his receipt of a lump-sum refund of his withheld premiums. 5 U.S.C. § 8342(a) (1988); see Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed.Cir.1985). Although annuity rights may be restored by redepositing refunded contributions with interest, 5 U.S.C. § 8334(d) (1988), Mr. Angeles never took this action. Second, none of his service after February 10, 1958 constituted covered service under the CSRA, and consequently, Mr. Angeles failed to meet the requirement that at least one of the last two years of his service be performed in a covered position. 5 U.S.C. § 8333(b) (1988). Appointments limited in duration to less than one year, as well as indefinite appointments made after January 23, 1955, are excepted from coverage under the CSRA. 5 C.F.R. § 831.201(a)(1), (13) (1992). Since Mr. Angeles did not petition the full Board for review, this initial decision became final on June 17, 1992. 5 C.F.R. § 1201.113 (1992).
 
 
 5
 We review the Board's decision under a narrow standard, and must affirm unless the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 6
 We find nothing in the record before this court that satisfies this narrow standard of review. Accordingly, the decision of the MSPB is affirmed.